NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERMAINE SIBDHANNIE,                :
                                    :   Civil Action No. 06-3394 (PGS)
            Plaintiff,              :
                                    :
      v.                            :   OPINION
                                    :
PATRICK COFFEY, et al.,             :
                                    :
            Defendants.             :

APPEARANCES:

   Jermaine Sibdhannie, Plaintiff pro se
   # D34896
   Bergen County Jail
   160 South River Street
   Hackensack, NJ 07601

**SHERIDAN**, District Judge

   Plaintiff Jermaine Sibdhannie, currently confined at the Bergen County Jail, Hackensack, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and are presumed true for purposes of this review.

Plaintiff seeks to sue Patrick Coffey, Thomas Staron, and Robert Lopez of the Hackensack Police Department; Deepa Jacobs, an Assistant Prosecutor; and William Hammer, an Investigator at the Prosecutor's Office, for violations of his constitutional rights. He states that on December 31, 2004, he was arrested, pursuant to an invalid arrest warrant. He contends that the warrant was based on a false statement, and was not sworn before a judicial officer. Plaintiff also claims that the Assistant Prosecutor "tampered" with the only witness at his grand jury hearing, the Investigator, who Plaintiff claims gave perjured testimony.

Plaintiff claims that the arrest warrant was not sworn until after his arrest, he was never read his Miranda rights, evidence was tampered with, and he was illegally detained by the officers and threatened during interrogation.

Plaintiff does not ask for monetary relief, but asks that his case be heard and processed.

2

## DISCUSSION

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

B.  **Section 1983 Actions**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

4

alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### C. False Arrest Claim

The Fourth Amendment provides, in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend IV. The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause. See Albright v. Oliver, 510 U.S. 266, 274-75 (1994); Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).

It is well-established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Thus, a defense to an unlawful arrest claim is that the

police officer defendants acted with probable cause. See <u>Sharrar v. Felsing</u>, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 636 (3d Cir. 1995)("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment").

As the Court of Appeals for the Third Circuit observed:

> Whether that [warrantless] arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it-- whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.

<u>United States v. Kithcart</u>, 134 F.3d 529, 531 (3d Cir. 1998) (quoting <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964)); <u>see also</u> <u>Mosley v. Wilson</u>, 102 F.3d 85, 94-95 (3d Cir. 1996).

A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. See <u>Gatter v. Zappile</u>, 67 F. Supp.2d 515, 519 (E.D. Pa. 1999), <u>aff'd</u>, 225 F.3d 648 (3d Cir. 2000).

Here, Plaintiff admits that he was arrested by the defendants pursuant to an arrest warrant; however, he disputes the veracity of the warrant. It also appears from the complaint that Plaintiff is indicted and is in ongoing state criminal

6

proceedings. Thus, under these facts, probable cause for the arrest by warrant is demonstrated and this claim for false arrest must be dismissed for failure to state a claim.

To the extent that Plaintiff is asserting that the factual basis for the arrest warrant is untrue, he must first raise this defense in his ongoing state criminal proceedings. It does not appear that Plaintiff has been convicted of the crimes for which he was indicted. Thus, his criminal charges remain pending in state court, and he must raise any constitutional challenges asserted here in his criminal case. A federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971). It is not generally the role of the federal courts to interfere in pending state criminal cases. The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992)

7

(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)). In this case, it appears that state proceedings implicating important state interests are ongoing, and that Plaintiff has an opportunity to raise his claims in a hearing during that proceeding.

Therefore, Plaintiff's claims must be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

D. **Grand Jury Testimony**

Further, Plaintiff's claim alleging that the grand jury testimony was perjured is not cognizable under § 1983. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted). Accordingly, if a district court determines that a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed

unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[1] Id. at 487.

In this case, Plaintiff's claims for relief with regard to his criminal proceeding are not cognizable under § 1983 because the principal defects alleged, i.e., that defendants presented false testimony before the grand jury, would necessarily imply the invalidity of his conviction. See Heck, 512 U.S. at 479-83, 487.[2] Accordingly, Plaintiff's claim is not cognizable under § 1983 until he can show that his conviction has been reversed on direct appeal, expunged, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See id. at 486-87. Therefore, this claim will be dismissed, without prejudice, for failure to state a claim upon which relief may be

---

[1] In Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996), the Court of Appeals for the Third Circuit extended Heck, holding that a claim that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge is not cognizable under § 1983.

[2] In Wilkinson v. Dotson, the Supreme Court held that "a state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81-82 (2005).

granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[3]

## CONCLUSION

For the reasons set forth above, the Complaint must be dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

                                             _____
                                             PETER G. SHERIDAN
                                             United States District Judge

Dated: 12-21-06

---

[3] Additionally, the Court notes that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976).